1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANTHONY TO, *a minor, by and through his*     )    Civil No.07cv1978-LAB(NLS)
    *mother, Jiaming To*,                         )
                                                  )    **NOTICE AND ORDER SETTING**
12                         Plaintiff,             )    **EARLY NEUTRAL EVALUATION**
    v.                                            )    **CONFERENCE**
13                                                )
    POWAY UNIFIED SCHOOL DISTRICT,                )
14  et al.,                                       )
                                                  )
15                         Defendants.            )
                                                  )
16  _____          )

17          **IT IS HEREBY ORDERED** that an Early Neutral Evaluation of your case will be held on

18  *May 12, 2008* at *9:30 a.m.* in the Chambers of Magistrate Judge Nita L. Stormes, United States

19  Courthouse, 940 Front Street, Room 1118, San Diego, California 92101.

20          **The following are _mandatory_ guidelines for the parties preparing for the Early Neutral**

21  **Evaluation Conference.**

22          1.      **Purpose of Conference:**  The purpose of the Early Neutral Evaluation Conference

23  ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of

24  every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference

25  discussions will be informal, off the record, privileged and confidential.  Counsel for any non-English

26  speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

27          2.      **Personal Appearance of Parties Is Required:**  All parties, adjusters for insured

28  defendants, and other representatives of a party having full and complete authority to enter into a

                                               1                                        07cv1978

1  binding settlement, and the principal attorneys responsible for the litigation, must be present **in person**

2  and legally and factually prepared to discuss settlement of the case.  Full authority to settle means that

3  the individuals at the ENE be authorized to fully explore settlement options and to agree at that time to

4  any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871

5  F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change

6  the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz.

7  2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the

8  conference is that the person's view of the case may be altered during the face-to-face conference.

9  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods*,

10  Inc., 270 F.3d 590, 595-597 (8th Cir. 2001).  Counsel appearing without their clients (whether or not

11  counsel has been given settlement authority) will be cause for immediate imposition of sanctions and

12  will also result in the immediate termination of the conference.

13          3.          **Full Settlement Authority Required:**  In addition to counsel who will try the case, a

14  party or party representative with full settlement authority must be present for the conference.  In the

15  case of a corporate entity,  an authorized representative of the corporation who is not retained outside

16  counsel must be present and must have discretionary authority to commit the company to pay an amount

17  up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this

18  requirement is to have representatives present who can settle the case during the course of the

19  conference without consulting a superior.  Counsel for a government entity may be excused from this

20  requirement so long as the government attorney who attends the ENE conference (1) has primary

21  responsibility for handling the case; and (2)  may negotiate settlement offers which the attorney is

22  willing to recommend to the  government official having ultimate settlement authority.

23          4.          **Confidential ENE Statements Required:**  No later than three (3) court days prior to the

24  ENE, the parties shall submit confidential statements of five pages or less directly to the chambers of

25  Magistrate Judge Stormes outlining the nature of the case, the claims, and the defenses.  These

26  statements shall not be filed or served on opposing counsel.

27          5.          **New Parties Must Be Notified by Plaintiff's Counsel:**  Plaintiff's counsel shall give

28  notice of the ENE to parties responding to the complaint after the date of this notice.

1       6.      **Case Management Under the Amended Federal Rules:** In the event the case does not

2 settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates or deadlines.

3 Parties shall therefore be prepared to discuss the following matters at the conclusion of the ENE

4 conference:

5           a.     Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to

6                 the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

7           b.     The scheduling of the Federal Rule of Civil Procedure 26(f) conference within 24

8                 days following the ENE:

9           c.     The date of initial disclosure and the date for lodging the discovery plan within 14

10                 days following the Rule 26(f) conference; and,

11           d.     The scheduling of a Case Management Conference pursuant to Federal Rule of

12                 Civil Procedure 16(b) within 21 days following the Rule 26(f) conference.

13 The Court will issue an order following the ENE addressing these issues and setting dates as

14 appropriate.

15       7.      **Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires that an ENE

16 take place within 45 days of the filing of the first answer. Requests to continue ENEs are rarely granted.

17 However, the Court will consider formal, written *ex parte* requests to continue an ENE conference when

18 extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel

19 a long distance to appear in person is not "extraordinary." **Absent extraordinary circumstances,**

20 **requests for continuances will <u>not</u> be considered *unless* submitted in *writing* no less than seven (7)**

21 **days prior to the scheduled conference.**

22       Questions regarding this case or the mandatory guidelines set forth herein may be directed to the

23 Magistrate Judge's law clerks at (619) 557-5391.

24       A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for

25 your information.

26       **IT IS SO ORDERED.**

27 DATED: March 27, 2008

28                                  _____
                                   Hon. Nita L. Stormes
                                   U.S. Magistrate Judge

           07cv1978

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE


IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.  COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.